Matter of American Tr. Ins. Co. v Rutland Med. PC (2024 NY Slip Op 00855)

Matter of American Tr. Ins. Co. v Rutland Med. PC

2024 NY Slip Op 00855

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 654052/22 Appeal No. 1686 Case No. 2023-03167 

[*1]In the Matter of American Transit Insurance Company, Petitioner-Respondent,
v
Rutland Medical PC, as Assignee of Ustes W. Grant, Respondent-Appellant.

Roman Kravenchko, Melville, for appellant.
Larkin Farrell, LLC, New York (William R. Larkin, III of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.S.C.), entered on or about May 18, 2023, which, to the extent appealed from as limited by the briefs, denied respondent's motion for attorneys' fees, unanimously reversed, on the law, without costs, respondent's motion for attorneys' fees granted, and the matter remanded to determine the amount of attorneys' fees to which respondent is entitled under 11 NYCRR 65-4.10(j)(4).
Pursuant to 11 NYCRR 65-4.10(j)(4): "[t]he attorney's fee for services rendered in connection with a court adjudication of a dispute de novo, as provided in section 5106(c) of the Insurance Law, or in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter." Here, respondent is entitled to attorneys' fees for its work in Supreme Court in opposing the petition to vacate the arbitration award and moving to reargue the court's order (see Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 414-415 [1st Dept 2020]; see also Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 220 AD3d 461, 462 [1st Dept 2023]; 11 NYCRR 65—4.10[j][4]). In fact, the court Justice, in its March 16, 2023 order denying American Transit's CPLR 7511 petition to vacate the arbitration award and confirming the award, found that respondent was entitled to attorneys' fees, and granted respondent leave to serve an affirmation stating its reasonable attorneys' fees in defending this action. Yet it appears that the court did not issue an order granting those fees.
Furthermore, 11 NYCRR 65-4.10 allows the prevailing party to recover an attorneys' fee for "services rendered. . . in a court appeal from a master arbitration award and any further appeals" (11 NYCRR 65-4.10[j][4]; see Country-Wide v TC Acupuncture, 179 AD3d at 414). Thus, respondent is entitled to attorneys' fees for its work in pursuing this appeal.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024