# Country-Wide Ins. Co. v GW Acupuncture Servs. P.C.

2024 NY Slip Op 30941(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 650622/2021

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**          PART                    14

                              *Justice*

-------------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY                INDEX NO.        650622/2021

                    Petitioner,               MOTION DATE        N/A[1]

                    - v -                      MOTION SEQ. NO.      001

GW ACUPUNCTURE SERVICES P.C., a/a/o Felix Popo,    **DECISION + ORDER ON
                                                        MOTION**

                    Respondent.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-9, 10, 11, 12, 13, 14

were read on this motion to/for         VACATE - DECISION/ORDER/JUDGMENT/AWARD.


The petition to vacate arbitral awards is denied and, pursuant to CPLR 7511(e), the Court

confirms the awards (respondent did not formally cross-move to confirm the awards).


**Background**

Petitioner seeks to vacate two arbitral awards arising out of a no-fault motor vehicle

accident. Respondent was awarded $30 in reimbursement for medical bills it submitted to

petitioner. It claims that the lower arbitrator erred in finding for respondent because petitioner

had submitted proof that the policy was exhausted.  Petitioner contends that it showed that its

pay-outs reached the maximum threshold of the policy ($50,000).

---

[1] Although this motion seems to have not been marked submitted, it should have been marked fully submitted on the initial return date of March 11, 2021.  Despite the fact that this proceeding was only recently assigned to the undersigned, the Court apologizes, on behalf of the court system, for the lengthy delay in the resolution of this proceeding. More than three years is far too long.

[* 1]

In opposition, respondent contends that the award should be affirmed. It points out that the lower arbitrator gave petitioner a chance to prove that the policy was exhausted but found that petitioner simply failed to meet its burden. Respondent also seeks legal fees.

**Discussion**

The lower arbitrator only granted respondent's claimed reimbursements in part, in the amount of $30 (NYSCEF Doc. No. 3). With respect to the policy exhaustion claim, the lower arbitrator found that petitioner was collaterally estopped from arguing policy exhaustion (*id*. at 5). She observed that petitioner had made the exact same argument in a related arbitration proceeding and was provided with an opportunity to supplement the record to show the relevant payouts but that petitioner did not submit anything (*id*. at 4-5). The arbitrator noted that "Respondent has not submitted any additional documentation in the matter before me to cause a different conclusion" (*id*. at 5).

The master arbitrator's award observed that "As germane here, the arbitrator rejected [petitioner]'s exhaustion of policy contention, and found that an award should be entered for applicant in the amount of $30. Specifically, the arbitrator cited to two other arbitrators' awards (AAA#17-18-1100-1645 and 17-17-1079-9082), plus an affirmance of the latter award by this master arbitrator, in rejecting said exhaustion defense. The arbitrator noted that [petitioner] was given an opportunity to provide an additional submission on the issue of the applicability of the prior arbitration awards, but did not so. Ultimately, after considering and crediting [petitioner]'s other defenses, an award in the amount of $30.00 was entered by the arbitrator" (NYSCEF Doc. No. 6 at 1).

He concluded that "notwithstanding [petitioner]'s failure to present evidence of policy exhaustion to the arbitrator - despite the arbitrator's prior invitation to do so - I see no indication

650622/2021   COUNTRY-WIDE INSURANCE COMPANY vs. GW ACUPUNCTURE SERVICES P.C.          Page 2 of 4
Motion No.  001

2 of 4

[* 2]

that the arbitrator's power was exceeded here such as would afford the basis to vacate an award" (*id*. at 2). In fact, the master arbitrator noted that "the evidence submitted presently by respondent in support of policy exhaustion – even if same could be considered herein (see, 11 NYCRR 65-4.10 (a) (2) or (3)) - does not clearly demonstrate policy exhaustion" (*id*. at 3).

The Court sees no basis to disturb the subject arbitration awards. The lower arbitrator rationally concluded that petitioner failed to submit sufficient evidence to show that the policy was exhausted. It is not this Court's role to second-guess an arbitrator's determination under these circumstances. That petitioner apparently tried to supplement its submissions before the master arbitrator is of no moment and he properly rejected that untimely evidence which, in any event, apparently did not satisfy petitioner's burden to show the policy was exhausted.

The Court observes that respondent demands legal fees for this proceeding in the amount of $1,190. Petitioner did not submit a reply to contest this amount which, in any event, is inherently reasonable. Of course, respondent is entitled to legal fees for this proceeding as the prevailing party (*Am. Tr. Ins. Co. v Rutland Med. PC*, 2024 NY Slip Op 00855, 1 [1st Dept 2024]).

Accordingly, it is hereby

ADJUDGED that the petition to vacate the arbitral award is denied and, pursuant to CPLR 7511(e), the Court confirms the award and the Clerk is hereby directed to directed to enter judgment in favor of respondent and against petitioner in the amount of $30.00 plus statutory interest from 09/24/2018 at the rate of 2%/month pursuant to 11 NYCRR 65-3.9(a), plus Statutory attorney's fees (20% of interest plus principal) pursuant to 11 NYCRR 65-4.6(d), plus the Arbitration filing fee of $40 pursuant to 11 NYCRR 65-4.5(s)(1); plus reasonable attorneys'

650622/2021   COUNTRY-WIDE INSURANCE COMPANY vs. GW ACUPUNCTURE SERVICES P.C.          Page 3 of 4
   Motion No.  001

3 of 4

[* 3]

fees of $1,190 pursuant to 11 NYCRR 65-4.10(j)(4) for opposing this Petition along with costs

and disbursements upon presentation of proper papers therefor.

_____ 
3/19/2024
**DATE**

_____ 
**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]