| Country-Wide Ins. Co. v Physical Therapy of N.Y. P.C. |
|:---:|
| 2024 NY Slip Op 30942(U) |
| March 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650700/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**    PART    14

*Justice*

--------------------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

                Petitioner,

- v -

PHYSICAL THERAPY OF NEW YORK P.C., a/a/o
Voravetvudhikun Prapas,

                Respondent.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650700/2022 |
| MOTION DATE | 03/23/2022[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for       VACATE - DECISION/ORDER/JUDGMENT/AWARD.

The petition to vacate arbitration awards is denied and, pursuant to CPLR 7511(e), the

Court affirms the award.

**Background**

In this proceeding concerning no-fault benefits, petitioner seeks to vacate both a lower

arbitration award and a master arbitration award. It explains that a vehicle it insured was in

accident while being test driven by an employee of the repair shop following repairs. Petitioner

alleges that another individual (Voravetvudhikun Prapas) riding a motorized bike collided with

the subject vehicle. Prapas sought medical care and respondent submitted a reimbursement to

petitioner. Petitioner argues that coverage is not available for accidents involving a motorized

bicycle and therefore the awards should be vacated.

---

[1] Although this proceeding was only assigned to the undersigned a few days ago, the Court apologizes, on behalf of
the court system, for the lengthy delay in the resolution of this proceeding. Nearly two years to decide the instant
motion is way, way too long.

**650700/2022   COUNTRY-WIDE INSURANCE COMPANY vs. PHYSICAL THERAPY OF NEW
YORK P.C.
Motion No. 001**

**Page 1 of 5**

1 of 5

Petitioner claims that after the arbitral awards, a justice in this county found that the Mr. Prapas was working as a delivery driver on the date of the accident and that worker's compensation was the primary remedy for any medical expenses.

In opposition, respondent contends that petitioner failed to satisfy any of the grounds for vacatur of the arbitration awards. It observes that there is no basis to find that Mr. Prapas was in the course of his employment when the accident occurred and that petitioner relied, mainly, on uncorroborated statements.

In reply, petitioner claims it established that the assignor (Prapas) was operating a motorized bicycle while working as a delivery driver for a restaurant. It insists that this means that he is not eligible for no-fault benefits. Petitioner argues that the "Supreme Court decision takes precedent [sic] for final determination."

**Discussion**

CPLR 7511 provides just four grounds for vacating an arbitration award, including that the arbitrator exceeded his power, which "occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power. Mere errors of fact or law are insufficient to vacate an arbitral award. Courts are obligated to give deference to the decision of the arbitrator, even if the arbitrator misapplied the substantive law in the area of the contract" (*NRT New York LLC v Spell*, 166 AD3d 438, 438-39, 88 NYS3d 34 [1st Dept 2018]).

The lower arbitrator observed that "There is still conflicting evidence regarding whether the vehicle was a bicycle, motorcycle or motorized bike. And I note that certain motorized bikes would not be considered motorcycles as it depends on how many miles per hour, [sic] they are able to reach. Moreover, the NF-2 signed by the Assignor says he was not in the course of his

650700/2022   COUNTRY-WIDE INSURANCE COMPANY vs. PHYSICAL THERAPY OF NEW YORK P.C.
Motion No.  001

Page 2 of 5

2 of 5

employment. I can only go by the record before me which remains unchanged from the [sic] when I last reviewed it for the linked case" (NYSCEF Doc. No. 3 at 3).

She observed that in that linked case (a related arbitration), she found that "[Petitioner]'s investigation is wholly insufficient to prove any of the assertions it made. Namely, there is no written statement by the insured, garage owner, mechanic, or Assignor. There is no written correspondence with the Assignor's attorney. There is no evidence that the Assignor was riding a motorcycle or motorized bicycle. And there is no evidence that the Assignor was in the course of his employment. [Petitioner] relies upon a couple of conversations its claims representative had with the Assignor's attorney and then issued its denials based upon uncorroborated statements made by the insured and the Assignor's attorney" (*id*.). The lower arbitrator concluded that "I find for the Applicant. Applicant made out a prima facie case of entitlement to reimbursement of its claims" (*id*.). Respondent was awarded $575.52 with interest to run from February 13, 2020 (*id*. at 4).

The master arbitrator affirmed the lower arbitrator's award and observed that she found no evidence in the record to support the inference that the Assignor was in the course of his employment the time of the accident" (NYSCEF Doc. No. 6 at 3). She concluded that "The assessment of weight, relevance, credibility and persuasiveness of the evidence is within the exclusive jurisdiction of the lower arbitrator. Taking into consideration the relevant case law and the limited scope of review available in this forum, it is concluded that the award of the NFA was supported by a reasonable hypothesis and was neither arbitrary nor capricious" (*id*. at 4).

The Court denies the petition and, pursuant to CPLR 7511(e), confirms the awards. Petitioner's arguments in support of vacatur are, essentially, that it disagrees with the lower arbitrator's assessment of the evidence. Of course, mere disagreement is not a basis upon which

650700/2022   COUNTRY-WIDE INSURANCE COMPANY vs. PHYSICAL THERAPY OF NEW YORK P.C.
Motion No.  001

Page 3 of 5

3 of 5

[* 3]

this Court can vacate an arbitration award. Moreover, the lower arbitrator issued a well-reasoned decision that persuasively concluded that petitioner relied upon "uncorroborated" statements in support of its demand to disclaim coverage.

The Court also rejects petitioner's assertion that this Court is bound, under the principle of collateral estoppel, by the decision of a court of coordinate jurisdiction that found that the injured party was in the course of his employment. Respondent is not estopped by that decision as it was not a party to that arbitration or subsequent Supreme Court proceeding. The very fact that there are individual arbitrations for each of the medical providers seeking reimbursements in no-fault benefit disputes creates the possibility that there may be different outcomes. But this Court sees no reason to disturb the awards at issue here, which set forth a clear basis for their logical conclusions.

As respondent has prevailed in this proceeding it is entitled to legal fees (*Am. Tr. Ins. Co. v Rutland Med. PC*, 2024 NY Slip Op 00855, 1 [1st Dept 2024]). It demands $600 for the entire proceeding which, clearly, is a reasonable amount. It is actually a bargain.

Accordingly, it is hereby

ADJUDGED that the petition to vacate the arbitral award is denied and, pursuant to CPLR 7511(e), the Court confirms the award and the Clerk is hereby directed to directed to enter judgment in favor of respondent and against petitioner in the amount of $575.52 plus statutory interest from February 13, 2020 at the rate of 2%/month pursuant to 11 NYCRR 65-3.9(a), plus Statutory attorney's fees (20% of interest plus principal) pursuant to 11 NYCRR 65-4.6(d), plus the Arbitration filing fee of $40 pursuant to 11 NYCRR 65-4.5(s)(1); plus reasonable attorneys'

650700/2022   COUNTRY-WIDE INSURANCE COMPANY vs. PHYSICAL THERAPY OF NEW YORK P.C.
Motion No.  001

Page 4 of 5

fees of $600 pursuant to 11 NYCRR 65-4.10(j)(4) for opposing this Petition along with costs and

disbursements upon presentation of proper papers therefor.

| 3/20/2024 | |
|---|---|
| **DATE** | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650700/2022   COUNTRY-WIDE INSURANCE COMPANY vs. PHYSICAL THERAPY OF NEW YORK P.C.**
**Motion No.  001**

**Page 5 of 5**

5 of 5