## Country-Wide Ins. Co. v JAM Pharm. Corp.

2024 NY Slip Op 30940(U)

March 20, 2024

Supreme Court, New York County

Docket Number: Index No. 650231/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARLENE P. BLUTH                    PART                14

_Justice_

-----------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

                         Petitioner,

                  - v -

JAM PHARMACY CORP, a/a/o Martin Marlon,

                         Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650231/2022 |
| MOTION DATE | 02/22/2022[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for               VACATE - DECISION/ORDER/JUDGMENT/AWARD.

The petition to vacate an arbitral award is denied and, pursuant to CPLR 7511(e), the

Court confirms the award.

## Background

This proceeding concerns a motor vehicle accident that took place on July 24, 2018

involving a vehicle insured by petitioner. The driver of the vehicle, Mr. Marlon, received

healthcare from respondent, who then submitted bills to petitioner for reimbursement.  Petitioner

contends that it contested these bills on the ground that Mr. Marlon did not qualify as an eligible

injured person entitled to receive no-fault benefits. Petitioner alleges that Mr. Marlon suffered

injuries as a result of his own intentional act.

---

[1] The Court acknowledges that this motion has been pending for far too long.  Although this proceeding was only transferred to this part a few days ago, the undersigned apologizes, on behalf of the court system, for the lengthy delay in the resolution of this petition.

**650231/2022   COUNTRY-WIDE INSURANCE COMPANY vs. JAM PHARMACY CORP**        **Page 1 of 4**
**Motion No.  001**

[* 1]

It argues that another arbitrator agreed with petitioner's version of events in a dispute with a separate medical provider seeking reimbursement for Mr. Marlon's injuries. Petitioner claims that collateral estoppel therefore applies here.

In opposition, respondent contends that this Court should uphold the rational awards issued by the lower arbitrator and the master arbitrator. It contends that collateral estoppel does not apply because it was not a party to that other arbitration. Respondent demands legal fees.

In reply, petitioner argues that the doctrines of res judicata and collateral estoppel apply. It also argues that there is no basis upon which respondent is entitled to recover legal fees.

**Discussion**

The lower arbitrator expressly rejected petitioner's claim of issue preclusion in her award (NYSCEF Doc. No. 3 at 2). She observed that "[Petitioner's] defense is based wholly upon the investigator's report and Assignor's signed statement. However, upon initial review I note that Assignor's handwritten statement is difficult to read. Review of the statement reveals possibl[e] discrepancies between what is written in the statement and what is summarized by the investigator" (*id*. at 4). The arbitrator noted that "The investigator's characterization of the incident is unclear in light of Assignor's statement which, albeit difficult to read, appears to indicate that the other vehicle chased him and rammed into him. As such, this would not be an intentional act by the Assignor causing his own injury" (*id*.).

"[Petitioner] does not submit any other corroborating evidence supporting its interpretation of the incident. Despite indicating he was arrested by police officers; [Petitioner] does not submit any evidence of Assignor's arrest and/or court hearing. Furthermore, [Petitioner]

**650231/2022 COUNTRY-WIDE INSURANCE COMPANY vs. JAM PHARMACY CORP** **Page 2 of 4**
Motion No. 001

2 of 4

does not submit any evidence establishing the injuries were caused by the punching incident and not the accident" (*id*. at 4-5).

The Master Arbitrator upheld this lower arbitrator award and noted that "Arbitrator Saxon conducted a hearing and reviewed of all of the evidence. Initially, Arbitrator Saxon determined that collateral estoppel and res judicata did not apply to a prior award of Arbitrator Galeno in AAA # 99-18-1113-4891 since there was no privity between the parties. Arbitrator Saxon next considered the lack of coverage defense based upon fraud. Arbitrator Saxon considered the Respondent's investigator's report and the EIP's written statement. Arbitrator Saxon noted that there was no EUO submitted nor any evidence of the EIP's arrest. Arbitrator Saxon determined after considering all of the evidence that Respondent had failed to prove the fraud defense" (NYSCEF Doc. No. 6 at 2).

This Court confirms the award and denies the petition. The fact is that the arbitrator rationally determined that the doctrine of collateral estoppel did not apply because the medical provider was not a party to the other arbitration. Accordingly, she was not bound by the ruling in that arbitration that the accident here was intentional.

Moreover, petitioner did not meet its burden to cite another basis upon which this Court should vacate the award. CPLR 7511 provides just four grounds for vacating an arbitration award, including that the arbitrator exceeded his power, which "occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power. Mere errors of fact or law are insufficient to vacate an arbitral award. Courts are obligated to give deference to the decision of the arbitrator, even if the arbitrator misapplied the substantive law in the area of the contract" (*NRT New York LLC v Spell*, 166 AD3d 438, 438-39, 88 NYS3d 34 [1st Dept 2018]).

That petitioner disagrees with the findings of the arbitration awards is not basis for this Court to disturb these awards.

Respondent seeks legal fees. Although the respondent did not properly cross-move for anything (it only filed opposition), the Court can overlook this technicality as petitioner had a chance to oppose. As the prevailing party, the Court finds that respondent is entitled to recover legal fees (*Am. Tr. Ins. Co. v Rutland Med. PC*, 2024 NY Slip Op 00855, 1 [1st Dept 2024]). Respondent's request for $1,250 is an inherently reasonable amount and so the Court awards it.

Accordingly, it is hereby

ADJUDGED that the petition to vacate the subject arbitration awards is denied and, pursuant to CPLR 7511(e), the Court confirms the award and the Clerk is directed to enter judgment in favor of respondent and against petitioner in the amount of $2,475.95 plus statutory interest from 07/19/2019 at the rate of 2%/month pursuant to 11 NYCRR 65-3.9(a), plus Statutory attorney's fees (20% of interest plus principal) pursuant to 11 NYCRR 65-4.6(b), plus the Arbitration filing fee of $40 pursuant to 11 NYCRR 65-4.5(s)(1); plus reasonable attorneys' fees of $1,250 pursuant to 11 NYCRR 65-4.10(j)(4) for opposing this Petition along with costs and disbursements upon presentation of proper papers therefor.

| 3/20/2024 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650231/2022   COUNTRY-WIDE INSURANCE COMPANY vs. JAM PHARMACY CORP**          **Page 4 of 4**
**Motion No.  001**

4 of 4

[* 4]